UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Dkt. No. 0102 1:15CR00102-1-LM |
| ) | |
| MICHAEL BOUGIE ) | |

**DEFENDANT MICHAEL BOUGIE'S MOTION FOR A DEPARTURE AND/OR NON-GUIDELINES SENTENCE UNDER *BOOKER* WITH SENTENCING MEMORANDUM**

Pursuant to FCrP 32 and LCrP 32.1(i), defendant Michael Bougie, through counsel, files this **Motion for a Departure and/or Non-Guidelines Sentence under *Booker*** and memorandum in support thereof. The defendant seeks a sentence of time served (approximately 29 days) and two years' supervised release with a special condition for continued substance abuse treatment.

In order to achieve this sentence, a departure under U.S.S.G. § 5C1.1, comment. (n.6) and/or a non-Guidelines sentence under *Booker*[1] would be required. At this writing, the Advisory Guideline Range (AGR) recommended by the probation officer in the Presentence Investigation Report (PSR) is 10 to 16 months.[2] This range is in Zone C of the Sentencing Table. The defendant contends, however, that he has met all of the criteria under U.S.S.G. § 5C1.2 for a two-level safety valve reduction which would reduce the AGR to 6 to 12 months, a range in Zone B of the Sentencing Table. The defendant has so argued this in the objections he has filed with the probation officer. The problem, however, is that criterion (5) of U.S.S.G. § 5C1.2(a) is at the sole discretion of the government and that the proffer for this determination has not been scheduled to take place until September 29, 2016. Accordingly, if the AGR is found to be the former, a departure under U.S.S.G. § 5C1.1, comment. (n.6) and a non-Guidelines sentence under *Booker* would be required for the sentence sought; if it is found to be the latter, a non-Guidelines sentence under *Booker* would suffice. The departure would be based on the need to further the defendant's substance abuse treatment, namely the appropriateness of the defendant's remaining in the community to continue and lend continuity to said treatment while

---

[1] *U.S. v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).
[2] PSR, ¶ 61.

under the supervision of the Probation Office.[3] The variance would be grounded on the extraordinary effort the defendant has made to engage in substance abuse treatment and the success thus far of that effort. The defendant believes that, when the Court takes into account these factors in light of the purposes of sentencing found at 18 U.S.C. § 3553(a)(2)(A-D), it will conclude that a sentence of time served and two years' supervised release with the special condition for substance abuse aftercare and treatment would be sufficient, but not greater than necessary, to meet those purposes.

## Nature and Circumstances of the Offense

The offense is accurately recounted in ¶¶ 9 to 15 of the PSR. A low level distributor, the defendant sold a quantity of oxycodone on three separate occasions. What is not referenced there, however, is that the defendant himself was addicted to oxycodone and that he engaged in selling in order to feed his own addiction. He sincerely regrets his actions and the harm it has caused. As an indication of that sincerity, the defendant has taken the opportunity for rehabilitation seriously and has managed to remain fully drug-free while in the community.

## History and Characteristics of the Defendant

The probation officer has done a commendable job in the PSR (¶¶ 33 to 59) of conveying the defendant's personal history, including criminal record. It will not be repeated here. What will be emphasized are four important aspects of that history, *i.e.,* his substance abuse history; his extraordinary rehabilitation efforts; his medical condition reflecting chronic kidney disease and Diabetes; and, his minimal history of incarceration.

1. <u>Substance Abuse History</u>. The defendant's substance abuse (alcohol and marijuana) began at age 14. It continued unabated through high school and into his adulthood until his arrest in the instant matter. His drug of choice later became prescription opiates, principally oxycodone and Percocet. (PSR, ¶ 54). His abuse played a significant role in his failure to complete high school. (PSR, ¶ 56). It is also reflected in many of the entries of his criminal history. (PSR, ¶¶ 33 to 43). For nearly a quarter of a century (the defendant is now 39), substance abuse riddled the defendant's life.

2. <u>Substance Abuse Rehabilitation</u>. Subsequent to his arrest and detention in the instant matter, the defendant was afforded the opportunity to participate in the inpatient

---

[3] The defendant will discuss further, *infra,* the criteria which must be met for this departure.

treatment program at the Phoenix House Dublin Center. Notwithstanding his long-term substance abuse history, the defendant took advantage of this rehabilitation program and successfully completed it on February 2, 2016. Moreover, since that time he has participated in outpatient substance abuse treatment at Southeastern New Hampshire Services in Dover where he attends weekly individual counseling sessions. He also participates in several self-help groups (A.A. and N.A.) weekly. Finally, he has not tested positive for any controlled substance since his release to the community more than seven months ago. (PSR, ¶ 55).

3. <u>Chronic Medical Status</u>. The defendant has suffered from Type II Diabetes since age three. He also suffers from stage III chronic kidney disease. The latter was the basis for his having been found disabled by the Social Security Administration in 2011. In addition to taking insulin on a regular basis, the defendant has been prescribed several other medications for these and other conditions. (PSR, ¶¶ 50 to 51; PSR, ¶ 57).

4. <u>Criminal History</u>. The defendant's criminal convictions span the period from 1995 when he was 18 until 2007 when he was 30. Most were substance abuse-related, motor vehicle incidents. He served time for only one, *i.e.,* that recounted in ¶ 36, when he was 19. This amounts to a minimal and ancient incarceration history.[4]

**Argument for Departure**

In the event that the defendant's AGR is found to be in Zone C of the Sentencing Table, the defendant would seek a departure under U.S.S.G. § 5C1.1, comment. (n.6) which provides:

> *There may be cases in which a departure from the sentencing options authorized for Zone C of the Sentencing Table (under which at least half the minimum term must be satisfied by imprisonment) to the sentencing options authorized for Zone B of the Sentencing Table (under which all or most of the minimum term may be satisfied by intermittent confinement, community confinement, or home detention instead of imprisonment) is appropriate to accomplish a specific treatment purpose. Such a departure should be considered only in cases where the court finds that (A) the defendant is an abuser of narcotics, other controlled substances, or alcohol, or suffers from a significant mental illness, and (B) the defendant's criminality is related to the treatment problem to be addressed.*

---

[4] Contrary to the probation officer's suggestion in ¶ 77 that the defendant's criminal history category might under-represent the seriousness of that history, the defendant disagrees. Most of his prior offenses occurred more than 10 years ago, reflected substance abuse by the defendant, and were most often motor vehicle offenses. A criminal history category of I adequately reflects this history.

3

> *In determining whether such a departure is appropriate, the court should consider, among other things, (1) the likelihood that completion of the treatment program will successfully address the treatment problem thereby reducing the risk to the public from further crimes of the defendant, and (2) whether imposition of less imprisonment than required by Zone C will increase the risk to the public from further crimes of the defendant.*

The defendant's illegal sales of opiates related directly to the need to feed his addiction for opiates. The record reflects that the defendant successfully completed inpatient treatment and is in the midst of doing the same in outpatient treatment. He has thus far complied with all supervision directives and has not tested positive for any illegal substances. Moreover, there is reasonable hope that the treatment program will directly address the defendant's specific treatment needs. Under these circumstances, protection of the public would be enhanced rather than diminished. Imposition of a lesser sentence should not serve to increase the risk to the public from further crimes of the defendant. Accordingly, the defendant meets all of the criteria for a departure under this guideline.

### Variance Argument

In the event that the AGR is found to be in Zone B of the Sentencing Table, the defendant wishes to advance an argument for a "variance," or non-Guidelines sentence, under *Booker*. Specifically, the defendant seeks a variance to Zone A under which a time served sentence of time served, or approximately 29 days, may be imposed.

The crux of the argument is the extraordinary effort the defendant has made in the treatment programs afforded to him by the court. It should not be forgotten that the defendant, who also suffers from significant chronic medical problems, was addicted to substances for nearly 25 years of his life. The last several of those years was an addiction to oxycodone and Percocet, a condition which is extremely difficult to overcome. The defendant has managed, thus far, to stay away from these and all other addictive substances. The treatment program is working. It should be allowed to continue unabated for the good of the defendant and the public.

### Analysis in Light of 18 U.S.C. § 3553(a)(2)(A-D) Sentencing Purposes

Before imposing sentence, the Court is obligated to address the sentencing purposes recounted in 18 U.S.C. § 3553(a)(2)(A-D). An analysis of this case in light of those purposes follows.

*(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

Opiate addiction is a serious social problem, and its illegal sale is a serious offense. The defendant engaged in it, regretfully, in order to feed his own addiction which had spanned nearly a quarter of a century. It was after his arrest and detention that he decided to seek to overcome his addiction by participating in inpatient and outpatient treatment programs. Difficult as the road has been, he has made the effort and has been remarkably successful so far. Optimal for both the defendant and the public would be if the particular treatment program he has been in can continue and if his response to it remains favorable.

*(B) To afford adequate deterrence to criminal conduct.*

A sentence of imprisonment, even if relatively short as sought here, would signal the seriousness of the offense and therefore deter others from so acting.

*(C) To protect the public from further crimes of the defendant.*

The key to the protection of the public with respect to the defendant is that he shed his addiction and remain unaddicted. He has made an extraordinary and successful effort to do so and continues to participate actively in outpatient treatment. Moreover, he will be on court-ordered supervision which will include treatment and random urinalyses to detect any relapse. Under these circumstances, the public will be reasonably protected.

*(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

The defendant is in need of ongoing substance abuse treatment. It has been ordered, he has taken advantage of it, and he needs to continue to engage in it for the foreseeable future.

**Recommendation**

For all of the reasons advanced in this memorandum, the defendant urges to Court to consider departing and/or varying from the AGR and imposing a sentence of time served followed by two years' supervised release with a special condition for substance abuse aftercare and treatment.

                                      Respectfully submitted,
                                      Michael Bougie
                                      By his attorney,

                                      /s/     Paul J. Garrity
                                      Paul J. Garrity
                                      14 Londonderry Road
                                      Londonderry, NH 03053
                                      603-434-4106
                                      garritylaw@myfairpoint.net

**Dated:**       September 28, 2016

## CERTIFICATE OF SERVICE

    I, Paul J. Garrity, hereby certify that on this 28th day of September, 2016 a copy of the within has been e-file for all parties involved.

                                      /s/     Paul J. Garrity
                                      Paul J. Garrity